## ROWLAND *v.* MUNCK.

EQUITY ; PARTITION ; JUDICIAL SALES ; CONFIRMATION.

1. Whether a sale made under its decree shall be confirmed by the court in which the proceedings have been had, is a matter largely within the discretion of that court, the exercise of which ought not to be interfered with except upon good and substantial grounds in the interest of parties injuriously affected.

2. An objection to the confirmation of a sale decreed to be made for partition among those entitled by a party whose interest, as tenant by the curtesy of a one-third portion, is small, and who offers no proof of unfairness or irregularity in the sale or of inadequacy of price or that an offer made by him was *bona fide* coupled with ability to perform, and where there is proof that the sale was fairly made and realized a fair value, is properly overruled.

No. 913. Submitted October 25, 1899. Decided November 8, 1899.

HEARING on an appeal by one of several defendants from a decree in equity in a suit to procure the sale of real estate for purposes of partition. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. L. C. Williamson* for the appellant.

*Mr. Geo. E. Hamilton, Mr. M. J. Colbert* and *Mr. Charles H. Cragin* for the appellees.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an appeal from a decree confirming a judicial sale of certain real estate situated in the city of Washington.

A bill for partition and sale, in accordance with the statutes regulating proceedings for partition (Compiled Stat. D. C. 420), was filed on October 14, 1898, by certain heirs at law and the widow of Christian Henry Munck, deceased, against John B. Rowland, an heir at law, as the only child of Ida E. Munck, deceased, and John C. Rowland, surviving husband of said Ida E. Munck.

The cause was submitted upon bill and answers, and a decree was rendered February 23, 1899, directing the sale as prayed. Charles H. Cragin, solicitor for complainants, and W. Walton Edwards, solicitor for defendants, were appointed trustees and directed to sell the property at public sale upon the following terms: One-third in cash and the remainder in two equal payments, payable in one and two years, respectively, with 6 per cent. interest per annum. No objection was made to this decree by any party.

A report was made by the trustees on April 1, 1899, from which it appears that a sale was made after due advertisement in accordance with the decree, at which the appellee, Daniel Hannan, was the highest bidder, his offer having been $4,000.

The purchaser made the deposit of the sum of $200, required to secure his bid, and thereafter paid one-third of the said bid in cash, and tendered his notes for the remainder. The trustees further reported that the property had been assessed as of the value of $3,507, and that in the opinion of trustee Cragin $4,000 is a fair value; but in the

opinion of trustee Edwards the value is $4,500. Cragin therefore advised confirmation, and Edwards opposed it.

On April 4, 1899, the court, upon consideration of the report, ordered that the sale be confirmed as made, unless cause to the contrary be shown before May 1, 1899.

On April 29, 1899, there was filed the following paper addressed to the trustees:

"Gentlemen: Having a certain individual interest in the property, and believing it has been knocked down at a figure below its value, I hereby offer the sum of five thousand ($5,000.00) dollars for the property known as 607 Sixth street N. W.; terms to be in accordance with the decree, one-third cash and the balance in one and two years. I have enclosed no deposit with this offer because I have an interest in the purchase-money and wish it to be applied towards said purchase if this offer is accepted by the court. While I was present when the property was knocked down, I did not then understand that a good title could be given and the sale perfected without the signatures of John B. Rowland, my son, and my own.

"JOHN C. ROWLAND."

Following this, the record shows under date of May 8, 1899, certain affidavits filed on behalf of the purchaser, Hannan.

Two of these, by Hannan and his attorney who represented him at the sale, represent that the sale was fairly conducted and that John C. Rowland was a bidder thereat and failed to offer as much as the final bid of said Hannan; that the property was not worth more than $4,000, and said Hannan valued it at that sum because it adjoined his premises; that after the acceptance of his bid said Hannan incurred expenses in the examination of the title and borrowing money to meet the cash payment required. One, by the auctioneer, who was also a dealer in real estate, declared the fairness and regularity of the sale, and stated

that the property was not worth more than $4,000. One, by a real estate agent familiar with the property and able to estimate its value, stated that the sale made was an excellent one, and realized more than the fair value of the premises. Nothing was offered on the part of the objector, John C. Rowland, tending to show that the sale was unfair or irregular, or for an inadequate price, or that his offer was made in good faith, coupled with the ability to comply with it if it could be accepted.

The court, treating his said letter to the trustees as an exception to the report, overruled it, and confirmed the sale.

The interest of the appellant must necessarily be small, as it is nothing more than a claim of tenancy by the curtesy of the one-third interest inherited by his son, John B. Rowland. This son, whose interest in the result is apparently much greater, did not join in the objection and is, therefore, presumed to be satisfied with the sale as made.

The remaining parties, complainants in the bill, desire the confirmation, and have appeared by counsel in this court, asking that the decree of confirmation be affirmed.

Whether a sale made under its decree shall be confirmed by the court in which the proceedings have been had, is a matter largely within the discretion of that court; and its exercise ought not to be interfered with except upon good and substantial grounds in the interest of parties injuriously affected.

No such grounds appear in this record. Upon the facts as shown therein the court was right in confirming the sale and ordering its completion.

The decree must be affirmed with costs.        *Affirmed.*

Mr. Justice MORRIS did not sit in the hearing of this case.